Filed 7/29/22 P. v. Nunez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>GREGORIO LOMELI NUNEZ,<br><br>        Defendant and Appellant. | F080121<br><br>(Super. Ct. No. BF173808A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County. Charles R. Brehmer, Judge.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

On August 15, 2018, and March 20, 2019, defendant Gregorio Lomeli Nunez threatened his wife and daughter and assaulted them with a firearm and knife. After a jury convicted defendant of 17 counts arising from both incidents, the trial court sentenced defendant to a total fixed term of 55 years in state prison. Defendant contends on appeal that the trial court erred in failing to stay the firearm enhancement found true as to his conviction for criminal threats (count 3) and the sentence for conviction of possession of ammunition by a felon (count 9) pursuant to Penal Code former section 654.[1] In addition, by supplemental briefing, both parties agree that new sentencing enactments apply retroactively to this case under legislation that took effect on January 1, 2022.

We agree that defendant should be resentenced under recent amendments to the sentencing laws and also find, therefore, that defendant's other claims of error are moot. The judgment is otherwise affirmed.

**PROCEDURAL BACKGROUND**

On May 13, 2019, the trial court granted the prosecutor's motion to consolidate defendant's two pending criminal cases (cases Nos. BF173808A & BF176195A). Thereafter, on May 21, 2019, the District Attorney of Kern County filed a consolidated information charging defendant with assault with a firearm (§ 245, subd. (a)(2); counts 1 & 2), criminal threats (§ 422; counts 3–5, 10, & 14), dissuading a witness by threat or force (§ 136.1, subd. (c)(1); counts 6 & 15),[2] child endangerment (§ 273a, subd. (a); counts 7 & 13), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 8),

---

[1] Undesignated statutory references are to the Penal Code.

[2] The information originally alleged count 15 as a violation of section 136.1, subdivision (b)(1) with a violation of section 136.1, subdivision (c)(1) alleged as an enhancement, but the trial court granted the prosecutor's motion to amend count 15 to mirror the charging language in count 6.

2.

possession of ammunition by a felon (§ 30305, subd. (a); counts 9 & 17), assault with a deadly weapon (§ 245, subd. (a)(1); count 11), corporal injury to a spouse (§ 273.5, subd. (a); count 12), assault with force likely to produce great bodily harm (§ 245, subd. (a)(4); count 16), violation of a court order (§ 273.6, subd. (a); count 18), and resisting a police officer (§ 148, subd. (a)(1); count 19).[3] The information also alleged that defendant used a firearm (§ 12022.5, subd. (a); counts 1–3, 4, 6, & 7), defendant was a principal armed with a firearm (§ 12022, subd. (a)(1); counts 1–4, 6, & 7), and defendant personally used a dangerous weapon (§ 12022, subd. (b)(1); counts 5, 10, 11, 13, 14, & 15). The information further alleged that defendant had a prior serious or violent felony conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(j), 1170.12; counts 1–17) and a prior serious felony conviction (§ 667, subd. (a); counts 1–6, 10–15). Defendant pled not guilty to the information and denied all other allegations.

After a seven-day trial, on July 29, 2019, the jury convicted defendant of all charges, except for count 18, and found true all allegations.[4] Defendant waived his right to a jury trial on his prior conviction and the trial court found the allegations as to defendant's prior conviction had been proven true.

On September 11, 2019, the court sentenced defendant to a total fixed 55-year term in prison. In addition, the trial court ordered that the defendant pay victim restitution (§ 1202.4, subd. (f)) as to counts 1 and 2,[5] a $300 restitution fine, (§ 1202.4),

---

[3] Counts 1 through 9 of the information involved incidents on August 15, 2018, and counts 10 through 18 involved incidents on March 20, 2019.

[4] Prior to closing argument on July 24, 2019, the trial court granted the prosecutor's motion to dismiss the following: the firearm enhancements alleged pursuant to section 12022, subdivision (a)(1) as to counts 1 and 2, the weapon enhancement alleged pursuant to section 12022, subdivision (b)(1) as to count 11, and count 19.

[5] The court ordered probation to determine the amount of restitution and that it be paid to O.G. and B.L. and to the Restitution Fund in the State Treasury for Victim Compensation and Government Claims Board reimbursement to O.G. and B.L.

a suspended parole revocation restitution fine (§ 1202.45) as to count 17, and, as to all counts, $30 criminal conviction assessments (Gov. Code, § 70373) and $40 court operations assessments (§ 1465.8).

Defendant timely appealed on October 9, 2019.

## FACTS[6]

B.L. is defendant's daughter. Defendant had been living with B.L. and her mother, O.G., on and off for approximately two months. At approximately 6:00 p.m., on August 15, 2018, B.L. observed defendant and O.G. arguing outside from the kitchen. As defendant raised his hand to hit O.G., B.L. went outside, stepped between them, and pushed defendant away. Defendant walked away and went into his bedroom in the house. He returned outside carrying a shotgun. Defendant pointed the shotgun at B.L. and O.G. and threatened to kill them. Defendant eventually put down the shotgun and they all went into the house.

B.L. and O.G. were in the living room when defendant came in from his bedroom and threatened to kill them again. He had a loaded shotgun and pointed it at them. Defendant threatened to kill B.L. and O.G. if they called the police.

A few days after the August 2018 incident, O.G. found the shotgun and a purse of ammunition hidden in the backyard and provided it to the police.

In March 2019, B.L. heard defendant and O.G. arguing in the living room. O.G. went into B.L.'s bedroom, and defendant busted the door in behind her. Defendant punched O.G. in the face but eventually went into the living room. Defendant, B.L., and O.G. continued arguing. O.G. went outside the house to call the police, but B.L. returned to her bedroom. Defendant returned to B.L.'s bedroom with a pocketknife and threatened to kill her with it. Defendant thrust the knife at B.L. several times through the door.

---

**6**      In light of our conclusion that this matter should be remanded for resentencing, we set forth only a brief recitation of the facts of this case.

Defendant grabbed B.L. by the neck and squeezed but she did not lose consciousness. Defendant ran from the house when the police arrived.

## DISCUSSION

### I. The effect of new sentencing legislation as to sections 654 and 1170

#### A. Background

The trial court sentenced defendant and selected the upper term sentence for counts 1, 7, and 8.[7] The trial court also stayed counts 1, 4, 8, 12, 14, and 16 pursuant to former section 654 but did not make any findings associated with that decision.

At the time of defendant's sentencing, former section 654, subdivision (a) required the trial court to punish defendant in accordance with the provision that provided for the longest potential term of imprisonment. The statute "expressly prohibits separate punishment for two crimes based on the same act, but has been interpreted to also preclude multiple punishment for two or more crimes occurring within the same course of conduct pursuant to a single intent." (*People v. Vargas* (2014) 59 Cal.4th 635, 642; accord, *People v. Harrison* (1989) 48 Cal.3d 321, 335.) Effective January 1, 2022, Assembly Bill No. 518 (2021–2022 Reg. Sess.) amended section 654 to provide the trial court with the discretion to choose the count for which it will impose punishment. (Stats. 2021, ch. 441, § 1.) Here, the trial court imposed sentence on the counts that provided for the longest term of punishment.

Additionally, effective January 1, 2022, Senate Bill No. 567 (2021–2022 Reg. Sess.) amended section 1170 in one respect relevant here. A court must "order imposition of a sentence not to exceed the middle term," except under narrow

---

[7] The trial court did not set forth the aggravating factors it relied upon for this determination, but the probation officer's recommendation noted the following: Defendant's prior convictions were numerous and of increasing seriousness, defendant was on misdemeanor probation when the crime was committed, defendant violated the terms of his probation by reoffending, and defendant had an active bench warrant. The report noted no circumstances in mitigation.

circumstances. (§ 1170, subd. (b)(1), as amended by Stats. 2021, ch. 731, § 1.3.) An upper term may be imposed when justified by aggravating circumstances and the facts underlying those circumstances have been stipulated to by the defendant or found true by a jury or by the judge in a court trial. (*Id*., subd. (b)(2).) Here, defendant was sentenced to the upper term on several counts based, in part, on "facts … [not] stipulated to by the defendant, or … found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial," as required under the amended statute. (*Ibid*.)[8]

### B. Applicable Law and Analysis

Defendant contends that because his case is not yet final on appeal, he is entitled to the benefits of sections 654 and 1170, as amended, pursuant to the principles of retroactivity set forth in *In re Estrada* (1965) 63 Cal.2d 740. The People agree that we should remand the matter for resentencing and permit the trial court to reconsider its sentencing choices in light of the recent amendments. We agree.

The Supreme Court has held, when a court is unaware of the scope of its discretionary powers, "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) After reviewing the trial court's comments and sentence in this case, we are unable to conclude that the trial court would not exercise its discretion to impose a different sentence and will remand for resentencing.

---

[8] Section 1170, subdivision (b)(3) provides that the trial court may also rely on a certified record of a defendant's prior convictions in determining the sentence to impose without submitting the prior convictions to the jury.

## II. Other Claims of Sentencing Errors

### A. Section 654 Claims

Defendant contends that the firearm enhancement as to count 3, criminal threats, must be stayed pursuant to section 654 because it is the same conduct punished in count 2, assault with a firearm, and gun enhancement as to that count. Defendant also contends that the trial court erred in failing to stay his sentence as to count 9, possession of ammunition by a felon. The trial court stayed the sentence as to count 8, possession of a firearm by a felon. Defendant argues that he possessed the firearm and ammunition together and, therefore, the trial court should have also stayed count 9 pursuant to section 654. Defendant's counsel agreed with the probation officer's analysis of the section 654 issues at sentencing and did not object. While the trial court sentenced in accordance with those recommendations, it made no express findings with respect to section 654's applicability as to any of the counts.

We conclude defendant's section 654 claims are moot because defendant must be fully resentenced. At resentencing, defendant may raise these issues and the trial court is directed to articulate its findings on the record with respect to the applicability of section 654 as to each count.

### B. Discrepancy Between Abstract of Judgment and Court's Oral Pronouncement

The People have noted a discrepancy between the trial court's oral pronouncement of judgment on the one hand, and the minute order and abstract of judgment on the other. As to count 1, the trial court sentenced defendant to a term of four years, doubled to eight years pursuant to section 667, subdivision (e), and an additional four years pursuant to section 12022.5, subdivision (a). The trial court further ordered, "Punishment for the enhancement is stayed pursuant to Section 654 of the Penal Code …." However, the minute order and abstract of judgment indicate that the trial court stayed both the

sentence and enhancement as to count 1. In addition, the abstract of judgment does not reflect that the trial court ordered counts 2, 3, 6, 10, and 15 to be served consecutively.

We conclude that this claim is moot as well because defendant is to be fully resentenced.

## DISPOSITION

The sentence is vacated, and the matter is remanded to the trial court to resentence defendant under section 1170, as amended by Senate Bill No. 567 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) and section 654, as amended by Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 441, § 1). The trial court is directed to place it findings as to application of section 654 on the record. Following resentencing, the court shall forward a new abstract of judgment to the appropriate authorities. The judgment is otherwise affirmed.


                                                                      HILL, P. J.
WE CONCUR:


POOCHIGIAN, J.


FRANSON, J.


8.